# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52415

KELLY J. NORK,

    Plaintiff-Appellant,

v.

BENEDICT J. TAYLOR, M.D., and
SAINT ALPHONSUS REGIONAL
MEDICAL CENTER, INC.,

    Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Filed:  October 30, 2025

Melanie Gagnepain, Clerk

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Derrick J. O'Neill, District Judge.

Judgment dismissing complaint for medical malpractice, <u>affirmed</u>.

Points Law, PLLC; Michelle R. Points, Boise, for appellant.  Michelle R. Points argued.

Duke Evett, PLLC; Keely E. Duke, Boise, for respondents.  Keely E. Duke argued.

_____

LORELLO, Judge

Kelly J. Nork appeals from the district court's judgment dismissing her complaint for medical malpractice.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the medical care and treatment provided to Nork by Dr. Benedict J. Taylor, an employee of Saint Alphonsus Regional Medical Center in Boise, Idaho (collectively Respondents).  Nork was diagnosed with stage IV metastatic melanoma and experienced severe pain from a pathological fracture of her left fourth rib.  She was referred to Dr. Taylor to determine whether surgery was appropriate.  In September 2021, Dr. Taylor performed a rib resection and chest wall reconstruction on Nork, installing a titanium plate to replace the removed rib.  After the

1

surgery, Nork experienced discomfort near the area of the titanium plate placement. About ten months after the surgery, Dr. Taylor discovered the plate had fractured; as a result, Dr. Taylor performed a second surgery to remove the plate. Nork subsequently filed her complaint against Respondents alleging medical malpractice.

Thereafter, Nork filed an expert witness disclosure identifying Dr. Stephen Jones as her standard of care expert. The expert witness disclosure indicated that Dr. Jones resided in Colorado and was Nork's sole retained expert. After deposing Dr. Jones, Respondents filed a motion for summary judgment, asserting they were entitled to judgment as a matter of law because Nork failed to disclose a qualifying standard of care expert as required to pursue a medical malpractice claim under Idaho law. Specifically, Respondents argued that Nork failed to disclose an expert witness qualified to testify that Dr. Taylor breached the local standard of care applicable to a cardiothoracic surgeon at the time and place of the alleged negligence, i.e., in Boise, Idaho, in September 2021. Because such expert testimony is required in order to present a prima facie case of medical malpractice, Respondents contended they were entitled to summary judgment. Nork opposed Respondents' motion and submitted a declaration of Dr. Jones, which included additional details about his qualifications and experience as a "board-certified cardiothoracic surgeon."

Following a hearing, the district court granted Respondents' motion for summary judgment. According to the district court, Nork's expert disclosure revealed that Dr. Jones was not practicing cardiothoracic surgery at the time or place of the alleged negligence. The district court also determined that Dr. Jones' declaration failed to demonstrate he had "actual knowledge" of the applicable local standard of care. Thus, the district court concluded there was no foundation for Dr. Jones' opinions and testimony regarding Dr. Taylor's alleged breach of the local standard of care. Nork subsequently filed a motion for reconsideration, supported by a second declaration of Dr. Jones, asking the district court to reconsider its award of summary judgment in light of the additional information disclosed in the second declaration. In his second declaration, Dr. Jones provided additional details regarding his training and experience, as well as information about discussions he had with other medical providers regarding the applicable local standard of care. The district court acknowledged that it had the discretion to decide whether to consider additional information in Dr. Jones' second declaration in conjunction with Nork's motion to reconsider. Ultimately, the district court denied Nork's motion to reconsider, concluding that the argument

2

and information in the second declaration did not cure her failure to initially lay the requisite foundation to offer expert witness testimony. Nork appeals.

## II.

## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

Nork argues the district court erred in granting Respondents' motion for summary judgment. Specifically, Nork contends the district court abused its discretion when it determined that Nork failed to disclose a qualified expert witness in support of her medical malpractice claim because, according to Nork, "Dr. Jones was not an out-of-area expert." Alternatively, Nork asserts that, even if Dr. Jones was an "out-of-area expert," the district court abused its discretion in finding that Dr. Jones failed to qualify as an expert witness because he "had knowledge that the local standard of care in Boise did not deviate from the national standard of care in September 2021 for board-certified cardiothoracic surgeons." Finally, Nork argues the district court erred in denying her motion to reconsider because the district court "did not consider the second declaration of Dr. Jones submitted in support of Nork's motion." Respondents contend that the district court's award of summary judgment was proper and supported by the record and the applicable law. Respondents also argue the district court did not err in concluding that Nork's "motion for reconsideration did not cure [her] inability to establish her prima facie case." Lastly, Respondents argue they are entitled to an award of costs and attorney fees on appeal. We hold that Nork has failed to show error in the district court's decision awarding summary judgment or in its denial of the motion to reconsider.

## A. Motion for Summary Judgment

Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden

of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010).

In order to avoid summary judgment for the defense in a medical malpractice case, the plaintiff must offer expert testimony indicating that the defendant health care provider negligently failed to meet the applicable standard of health care practice. *Samples v. Hanson*, 161 Idaho 179, 182, 384 P.3d 943, 946 (2016); *Dulaney v. St. Alphonsus Reg'l Med. Ctr.*, 137 Idaho 160, 164, 45 P.3d 816, 820 (2002). Idaho Code Section 6-1013 provides that the "applicable standard of practice and such a defendant's failure to meet said standard must be established in such cases . . . by testimony of one (1) or more knowledgeable, competent expert witnesses." In other words, "as a threshold matter in a medical malpractice case, a plaintiff must prove knowledge of the applicable standard of health care and the breach of that standard by direct expert testimony." *Phillips v. E. Idaho Health Servs., Inc.*, 166 Idaho 731, 743, 463 P.3d 365, 377 (2020). The proponent of expert testimony must lay foundation for it. *Rich v. Hepworth Holzer, LLP*, 172 Idaho 696, 707, 535 P.3d 1069, 1080 (2023). To that end, I.C. § 6-1013 states the following regarding the foundational requirements for expert witness testimony in medical malpractice cases:

> [S]uch expert testimony may only be admitted in evidence if the foundation therefor is first laid, establishing (a) that such an opinion is actually held by the expert witness, (b) that the said opinion can be testified to with reasonable medical certainty, and (c) that such expert witness possesses professional knowledge and expertise coupled with actual knowledge of the applicable said community standard to which his or her expert opinion testimony is addressed; provided, this section

4

shall not be construed to prohibit or otherwise preclude a competent expert witness who resides elsewhere from adequately familiarizing himself with the standards and practices of (a particular) such area and thereafter giving opinion testimony in such a trial.

Additionally, the Idaho Supreme Court has clarified it is "not required that a medical expert practice in the relevant community before being qualified to testify about the local standard of care." *Rich*, 172 Idaho at 709, 535 P.3d at 1082. Instead, the Court has held that an "out-of-area" expert may demonstrate familiarity with the applicable standard of care by explaining how the expert became familiar with the standard of health care practice for the relevant medical specialty, during the relevant timeframe, and in the community where the care was provided. *Id*. at 709-10, 535 P.3d at 1082-83; *Samples*, 161 Idaho at 183, 384 P.3d at 947. There is "no 'magic language' required to demonstrate the requisite familiarity with the applicable standard of health care practice, [but] the testimony of the proffered expert must meet minimum requirements as a prerequisite to admission of that expert's opinion." *Samples*, 161 Idaho at 183, 384 P.3d at 947; *see also Rich*, 172 Idaho at 710, 535 P.3d at 1083. The prerequisites to admissibility in a medical malpractice action are set forth in I.C. § 6-1012, which provides in pertinent part:

> [A] plaintiff must . . . affirmatively prove by direct expert testimony and by a preponderance of all the competent evidence, that such defendant then and there negligently failed to meet the applicable standard of health care practice of the community in which such care allegedly was or should have been provided, as such standard existed at the time and place of the alleged negligence of such physician and surgeon, hospital or other such health care provider and as such standard then and there existed with respect to the class of health care provider that such defendant then and there belonged to and in which capacity he, she or it was functioning. Such individual providers of health care shall be judged in such cases in comparison with similarly trained and qualified providers of the same class in the same community, taking into account his or her training, experience, and fields of medical specialization, if any.

In this case, the district court held that Dr. Jones did not establish actual knowledge of the applicable local standard of care, either through Nork's expert witness disclosure or Dr. Jones' subsequent declaration. Without such knowledge, the district court reasoned that there was no foundation for Dr. Jones' opinions regarding Dr. Taylor's alleged breach of the applicable local standard of care. Therefore, the district court found that Nork failed to establish a prima facie claim of medical malpractice and granted Respondents' motion for summary judgment. Nork's claims on appeal challenge both the district court's characterization of Dr. Jones as an

5

"out-of-area" expert and its conclusion that Nork failed to establish that Dr. Jones had actual knowledge of the applicable local standard of care. We address each of Nork's arguments in turn.

### 1. Out-of-area expert designation

Nork filed an expert witness disclosure identifying Dr. Jones as her standard of care expert. Nork's disclosure indicated that Dr. Jones is a board-certified cardiothoracic surgeon who lives in Colorado. The disclosure also provided the relevant records Dr. Jones reviewed to support his medical opinions and anticipated testimony. The remainder of Nork's disclosure detailed Dr. Jones' opinions and anticipated testimony. During a subsequent deposition, Dr. Jones confirmed that he left Boise and his cardiothoracic practice in November 2020. Thereafter, Dr. Jones began practicing medicine in Colorado.

Following a hearing on Respondents' motion for summary judgment, the district court found it was "undisputed that Dr. Jones was not practicing cardiothoracic surgery in Boise, Idaho in September of 2021," i.e., at the time and place of the alleged negligence. Relying on Nork's expert witness disclosure, the district court determined that, "while Dr. Jones did practice cardiothoracic surgery in Boise, Idaho, his local tenure in such specialty ended in December of 2020." Thereafter, Dr. Jones "specialized in other areas of medicine locally, but not on a regular basis, and [he] resided in Colorado where he was--and still is--employed." As a result, the district court classified Dr. Jones as an "out-of-area" expert. The district court concluded that, "while Dr. Jones may have practiced in the area more than nine months prior to the alleged negligence," any anticipated opinion or expert testimony "must be supported by evidence that [Dr. Jones] familiarized himself with the local standard of care at the time of the alleged negligence."

Nork argues the district court abused its discretion when it found that Dr. Jones failed to meet the foundational requirements to testify as an expert witness because he "was not an out-of-area expert." Nork seems to suggest that, because Dr. Jones worked as a cardiothoracic surgeon in Boise months before the date of the alleged negligence, he should not be classified as an "out-of-area" expert and was not required to familiarize himself with the local standard of care applicable in this case. According to Nork, "it is a matter of common sense" that Dr. Jones was not an out-of-area expert "given the representations and context of Dr. Jones' disclosure." Neither the law nor the record support Nork's argument. The record shows that, despite Dr. Jones' history of practicing medicine in Boise, he works and resides in Colorado. Moreover, Dr. Jones worked

6

and resided in Colorado at the time of the alleged negligence in this case. In *Rich*, the Idaho Supreme Court held that a proposed expert who did not practice medicine in the relevant community five months prior to the date of the alleged negligence was an "out-of-area" expert and was required to show how he familiarized himself with the community standard in order to qualify as an expert witness. *Rich*, 172 Idaho at 709-10, 535 P.3d at 1082-83. Nork's argument essentially asks this Court to assume there were no changes to the applicable local standard of care between the time Dr. Jones ceased practicing medicine in Boise and the date of the alleged negligence--an assumption that would be contrary to controlling case law. *See id*. (noting that I.C. § 6-1012 does not allow a court to make an assumption that there was no change in the standard of care between the date a proposed expert ceased working in the relevant community and the date of the alleged negligence).

Nork also asserts this case is similar to *Samples*, 161 Idaho 179, 384 P.3d 943. The facts in *Samples* are, however, distinguishable. In *Samples*, the plaintiffs disclosed a proposed expert witness in support of their claim for medical malpractice. Approximately two years after the date of the alleged negligence, the proposed expert was hired to work at the same hospital where the alleged negligence occurred. The Idaho Supreme Court held that this circumstance did "not present a situation where an out-of-area doctor is required to become familiar with the local standard of care by consulting with a local physician." *Id*. at 185, 384 P.3d at 949. Rather, by way of the proposed expert's subsequent employment, the Court concluded that "it would certainly seem to be a matter of common sense that [the proposed expert] would have had ample opportunity to become familiar with the previous standard of care" in place at the time of the alleged negligence. *Id*. After reviewing the contents of the proposed expert's affidavits, the Court held that the proposed expert "sufficiently showed that he had actual knowledge of the applicable standard of care." *Id*. at 186, 384 P.3d at 950. Unlike the proposed expert in *Samples*, Dr. Jones did not establish that he familiarized himself with the applicable local standard of care at the time of the alleged malpractice. While Dr. Jones previously worked at the hospital where the alleged negligence occurred, case law does not permit Dr. Jones to rely on his *prior* employment to establish the requisite familiarity with the applicable local standard of care as it existed at the time of the alleged negligence.

Moreover, regardless of whether Dr. Jones is labeled an "out-of-area" expert, to be admissible, his testimony must comply with the requirements in I.C. § 6-1012. There is no free pass for admissibility pursuant to I.C. § 6-1012 on the basis that a proffered expert practices in the state of Idaho; the foundational prerequisites must still be satisfied. As a result, Nork has failed to show that the district court erred when it classified Dr. Jones as an "out-of-area" expert.

## 2. Standard of care foundation

Nork filed a declaration of Dr. Jones in response to Respondents' motion for summary judgment. In the declaration, Dr. Jones confirmed his status as a "board-certified cardiothoracic surgeon" and indicated that "the standard of care applicable to board certified cardiothoracic surgeons is a national standard of care based on that specific specialty of surgeons." Doctor Jones also attested that "the national standard of care for board-certified cardiothoracic surgeons did not deviate from the local standard of care in Boise, Idaho in 2021 and 2022." Doctor Jones based his declarations on his "own personal knowledge of the local standard of care in Boise." Additionally, Dr. Jones indicated he "confirmed that the local standard of care did not deviate from the national standard of care" based on a conversation with Dr. Scott Needham. According to Dr. Jones, he and Dr. Needham "specifically discussed issues related to those on which [he] opined in this case pertaining to Dr. Taylor's care and treatment of" Nork. Doctor Jones also attested that he "continued to practice in Idaho" following his move to Colorado by serving "as the medical group commander of the Idaho Air National Guard until January 2023." According to Dr. Jones, "while [he] did not practice cardiothoracic surgery in Idaho, [he] was and [is] in frequent contact with cardiothoracic surgeons in Idaho Falls, Pocatello, and Boise."

The district court acknowledged that Nork "filed a declaration of Dr. Jones wherein [he] opined he was familiar with the local standard of care, based upon his experience prior to leaving" Boise. According to the district court, although Dr. Jones indicated that he "confirmed his opinions with a Dr. Scott Needham," Dr. Jones "did not provide any information as to when those conversations took place, where Dr. Needham practiced medicine, or whether Dr. Needham was familiar with cardiothoracic surgery." The district court found that Dr. Jones' declaration was "foundationally lacking" because it did not include "facts demonstrating that Dr. Scott Needham had actual knowledge of the applicable standard of care in this case." The district court determined it was "unclear whether Dr. Scott Needham works in the applicable specialization, where he

8

worked in September 2021, and/or whether" he had actual knowledge "of the applicable standard of care in September 2021." In sum, the district court determined that Dr. Jones' declaration, "if taken as true, fail[ed] to demonstrate that" he "familiarized himself with the local standard of care as it existed at the time of the alleged negligence." Accordingly, the district court concluded that Dr. Jones' declaration did not "establish his testimony [met] the bare minimum foundational requirement."

The district court also considered Nork's argument that Dr. Jones' "actual practice in the local area, between nine and ten months prior to the alleged negligence, [was] sufficient to meet the statutory requirement." Specifically, Nork asserted that "the statutory language of I.C. § 6-1012 [did] not contain a specific definition for what the legislature intended when it said, 'at the time and place of the alleged negligence.'" Nork supported her argument by identifying several statutes from other states that offer a specific time element regarding the "shelf life" of a disclosed expert's familiarity with the applicable local standard of care. However, the district court determined that the inclusion of specific time periods in similar statutes from other jurisdictions seemed "to highlight the fact that the Idaho legislature knew what it was doing when it indicated the familiarity must be with the standard of care 'at the time' of the alleged negligence." As a result, the district court concluded there was no foundation that Dr. Jones had "actual knowledge that the community standard of care in Boise for board-certified cardiothoracic surgeons did not deviate from the national standard of care at the time of the alleged negligence."

Nork asserts the district court erred in determining that Dr. Jones failed to establish his familiarity with the applicable local standard of care because Dr. Jones' declaration "more than satisf[ies] the foundational requirement." According to Nork, the district court abused its discretion by "failing to take into account the foundational evidence presented with respect to Dr. Jones' knowledge of the local standard of care and the fact that the local standard of care did not deviate from the applicable national standard of care." We disagree. The record shows that the district court considered the information in Dr. Jones' declaration and nevertheless concluded that Dr. Jones failed to establish familiarity with the applicable local standard of care. Specifically, the district court found:

> Here, what is foundationally lacking regarding Dr. Jones' declaration are facts demonstrating that Dr. Scott Needham had actual knowledge of the applicable standard of care in this case. It is unclear whether Dr. Scott Needham works in the

9

applicable specialization, where he worked in September 2021, and/or whether his knowledge of the applicable standard of care in September of 2021 was actual. Moreover, if Dr. Scott Needham had not worked in the relevant specialization in September of 2021, let alone in Boise, Idaho, Dr. Jones' declaration does not contain facts demonstrating how such actual knowledge of the applicable standard of care was obtained, if at all.

The district court's finding that Dr. Jones failed to establish his familiarity with the applicable local standard of care is further supported by Dr. Jones' deposition. Specifically, when asked whether he consulted with local providers in Idaho regarding the local standard of care, Dr. Jones answered as follows: "Not about the local standard of care that was available. I have run this case by two other thoracic surgeons, and--but it wasn't in the context of the local standard of care in Idaho." Notably, the record shows that Dr. Jones named the two surgeons with whom he discussed Nork's case. However, much like the information regarding Dr. Jones' conversations with Dr. Needham, Dr. Jones failed to provide information regarding whether either of the surgeons worked in the applicable specialization, where the surgeons worked at the time of the alleged negligence, and whether the surgeons had actual knowledge of the applicable local standard of care. As a result, we agree with the district court's finding that Dr. Jones' declaration, "if taken as true," failed to provide "sufficient evidence to support the conclusion that Dr. Jones familiarized himself with the local standard of care as it existed at the time of the alleged negligence." Nork also asserts the district court "failed to address the facts that the standards of care at issue in this case are 'universal' to the practice of medicine." It is unclear how or why Nork believes this claimed "universal" standard would allow the district court or this Court to disregard the standard of care requirements imposed by Idaho law. Indeed, in addition to not providing any argument in support of this assertion, Nork does not support her assertion with any authority. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

There is nothing in Dr. Jones' declaration to suggest that he familiarized himself with the applicable local standard of care by speaking with medical providers who practiced medicine in the relevant community at the time of the alleged negligence. Doctor Jones was required to explain how he became familiar with the applicable standard of care; he did not do so. As a result, we hold that Nork has failed to show that the district court erred when it found that Nork failed to

disclose an expert witness qualified to establish that Dr. Taylor breached the local standard of care applicable to a cardiothoracic surgeon operating in Boise, Idaho, in September 2021.

**B.  Motion for Reconsideration**

A motion for reconsideration under I.R.C.P. 11.2(b)(1) "is a motion which allows the court--when new law is applied to previously presented facts, when new facts are applied to previously presented law, or any combination thereof--to reconsider the correctness of an interlocutory order." *Johnson v. N. Idaho Coll.*, 153 Idaho 58, 62, 278 P.3d 928, 932 (2012). While the Idaho Supreme Court has explained that a trial court should take into account any new facts presented by the moving party that bear on the correctness of the order, "this rule was not designed to allow parties to bypass timing rules or fail to conduct due diligence prior to a court's ruling." *Ciccarello v. Davies*, 166 Idaho 153, 162, 456 P.3d 519, 528 (2019). Rather, the purpose of a motion for reconsideration is to reexamine the correctness of an order. *Id*. This Court reviews a district court's decision on a motion for reconsideration using the same standard of review the lower court used when deciding the motion. *Summerfield v. St. Luke's McCall, Ltd.*, 169 Idaho 221, 229, 494 P.3d 769, 777 (2021).

Following the district court's decision granting Respondents' motion for summary judgment, Nork filed a motion to reconsider supported by a second declaration of Dr. Jones. In the second declaration, Dr. Jones aimed to address the foundational deficiencies outlined by the district court in its summary judgment decision. Doctor Jones reiterated that he has "personal knowledge of the local standard of care in Boise, as [he] was chief of the cardiothoracic surgery service line at Saint Alphonsus in Boise for ten years." Doctor Jones also declared that he "confirmed the local standard of care did not deviate from the national standard of care applicable to board certified cardiothoracic surgeons in Boise in 2021" by speaking with Dr. Needham, Certified Physician Assistant Jenna Sielaff, Dr. Fritz Riveron, and Dr. Parker Fillmore. Additionally, Dr. Jones attested that he confirmed the applicable local standard of care "with practitioners that are still working in the Cardiothoracic department Saint Alphonsus in Boise" but indicated he was "not disclosing the names of those practitioners."

The district court recognized that "whether to consider any additional information on reconsideration" was within its discretion. According to the district court, nothing in Nork's motion to reconsider changed "the facts disclosed at the time of [Nork's] initial expert witness

11

disclosure and summary judgment," nor was there "any additional case law to controvert [the district court's] original conclusion." The district court emphasized that Dr. Jones "was required to lay the requisite foundation for his opinions at the time that opinion was offered." The district court determined that, "while [Dr. Jones] may have been under the mistaken assumption that he was familiar with the local standard of care, that assumption was legally incorrect." Moreover, the district court emphasized that, "once made aware of the deficiency through [Respondents'] motion for summary judgment, [Dr. Jones] failed to address that deficiency with satisfactory admissible evidence." As a result, the district court concluded "the additional information and argument submitted in support of the request for reconsideration [did] not cure the failure to initially lay the requisite foundation." Consequently, the district court denied Nork's motion to reconsider.

Nork argues the district court erred in denying her motion to reconsider. According to Nork, the district court "simply did not take into account the new facts contained in Dr. Jones' second declaration that bore on the correctness of its interlocutory order, and it failed to articulate and apply the relevant standard, which is an abuse of discretion." We disagree. As an initial matter, we note it was within the district court's discretion to disregard the information contained in Dr. Jones' second declaration altogether. *See Summerfield*, 169 Idaho at 234, 494 P.3d at 782 (affirming that trial courts should have the discretion to determine whether it will consider additional evidence in support of a motion for reconsideration if it is submitted late); *see also Ciccarello*, 166 Idaho at 162, 456 P.3d at 528 (holding that trial courts are afforded discretion on whether to consider untimely declarations of fact accompanying a motion for reconsideration). The Idaho Supreme Court has stated that a district court does not have discretion to refuse to rule on a motion to reconsider or to decline to consider new admissible evidence or authority bearing on the correctness of the order that is the subject of the reconsideration motion. *Fisk v. McDonald*, 167 Idaho 870, 892, 477 P.3d 924, 946 (2020). However, the Idaho Supreme Court has also made it clear that this does not mean an aggrieved party can file motions to reconsider without limitation. While a district court must rule on a timely filed motion to reconsider, the district court has discretion to determine whether the evidence submitted in support of the motion to reconsider is new evidence. Absent a change in law or discovery of new facts, attempts to correct inadequacies in prior declarations or affidavits is not new evidence; it is a second (or third) bite at the proverbial

apple. Beyond not being "new evidence," declarations or affidavits of this type may also be untimely, and a district court has the discretion to decline to consider them on this basis. *See Summerfield*, 169 Idaho at 234, 494 P.3d at 782.

In any event, contrary to Nork's argument, the record shows that the district court considered the information and argument submitted in support of Nork's motion for reconsideration. Specifically, the district court determined that the information in Dr. Jones' second declaration did "not cure the failure to initially lay the requisite foundation."

At oral argument, Nork asserted Dr. Jones provided the necessary foundation to establish Dr. Needham's familiarity with the applicable local standard of care in paragraphs nine and ten of Dr. Jones' second declaration. Those paragraphs, however, do not support Nork's argument. The paragraphs provide:

> 9. I also confirmed that the local standard of care did not deviate from the national standard of care applicable to Board Certified Cardiothoracic surgeons in Boise in 2021 and 2022 in [sic] by speaking with Scott Needham, MD, during which conversation we specifically discussed issues related to those on which I have opined in this case pertaining to Dr. Taylor's care and treatment of Kelly Nork.
> 10. To clarify, Dr. Needham is a Board-Certified Cardiothoracic surgeon, and during the relevant time period his primary practice was in Idaho Falls. But, Dr. Needham worked as Locum tenens for Saint Alphonsus in Boise on a number of occasions during my tenure as Chair of the Cardiothoracic department, and in the Fall of 2020 was actually recruited by Saint Alphonsus, specifically by Odette Bolano (President and CEO of Saint Alphonsus Health Systems at the time) to assume my position as Chair of the Cardiothoracic department in Boise. I, along with Dr. Needham, met with the staff in the department, reviewed selected policies and procedures, and toured the Saint Alphonsus facilities, while Dr. Needham was being "courted" to take the position. Dr. Needham also hired PAs from the Cardiothoracic department at Saint Alphonsus, Boise, in a locum tenens capacity, to work in his Idaho Falls practice in 2021. In my conversations with Dr. Needham, he confirmed that he was unaware of any changes and/or deviations in the standard of care over the past several years with respect to rib plating, gleaned from his practice in Boise as well as working with Boise PAs in Idaho Falls, in 2021.

These paragraphs do not establish the requisite familiarity with the applicable local standard of care because Dr. Jones failed to explain how he and Dr. Needham became familiar with that standard. Additionally, the paragraphs do not specify how either Dr. Jones or Dr. Needham had actual knowledge of the applicable standard of care for the relevant community and time. Moreover, the evidence in the record establishes that the information included in Dr. Jones'

second declaration failed to cure the foundational deficiencies identified by the district court because there was no evidence presented to establish that the proposed experts had actual knowledge of the applicable standard of care. For example, while Dr. Jones' second declaration indicated that Dr. Needham is a "board-certified cardiothoracic surgeon," Dr. Needham's primary practice is located in Idaho Falls. Similarly, Dr. Jones also failed to provide information regarding how either Dr. Riveron or Dr. Fillmore had actual knowledge of the applicable standard of care. Additionally, Dr. Jones' discussions with Jenna Sielaff failed to establish a familiarity with the applicable standard of care for a cardiothoracic surgeon at the time of the alleged negligence because, as a physician's assistant, Sielaff was not a member of the relevant medical specialty. Accordingly, even if the representations regarding the alleged consultations Dr. Jones had with the other medical providers were taken as true, Dr. Jones' second declaration failed to establish a foundation for him to offer expert witness testimony. Nork has failed to show the district court erred in denying her motion to reconsider.

## C. Costs and Attorney Fees on Appeal

On appeal, the Respondents argue they are entitled to costs and attorney fees on appeal pursuant to I.C. § 12-121. An award of attorney fees may be granted under I.C. § 12-121 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). An award of attorney fees is appropriate if the appellant only invites this Court to second-guess the trial court on conflicting evidence, or if the law is well settled and the appellant has made no substantial showing that the lower court misapplied the law, or no cogent challenge is presented with regard to the trial court's exercise of discretion. *Pass v. Kenny*, 118 Idaho 445, 449-50, 797 P.2d 153, 157-58 (Ct. App. 1990). That standard for an award of attorney fees has not been satisfied in this case. Accordingly, Respondents are not awarded attorney fees on appeal. However, as the prevailing parties, Respondents are entitled to costs on appeal.

## IV.

## CONCLUSION

Nork has failed to show the district court erred in concluding that Dr. Jones' expert witness disclosure and declarations failed to show that he had actual knowledge of the applicable standard

14

of care.  Nork has also failed to show the district court erred in denying her motion to reconsider. Respondents' request for attorney fees on appeal is denied.  Accordingly, the judgment in favor of Respondents is affirmed.  Costs, but not attorney fees, on appeal are awarded to Respondents as the prevailing parties.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.