## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 50208

VICTORIA ELIZABETH PLASSE,    )
                                           )
    Petitioner-Respondent,    )     **Boise, February 2023 Term**
                                           )
v.    )     **Opinion Filed: May 2, 2023**
                                         )
MICHAEL LOREN REID,    )     **Melanie Gagnepain, Clerk**
                                         )
    Respondent-Appellant.    )

Appeal from the Magistrate Court of the Seventh Judicial District, State of Idaho, Teton County. Jason D. Walker, Magistrate Judge.

The <u>judgment</u> of the magistrate court is <u>affirmed</u>.

Michael Loren Reid, appellant *pro se*. Michael Loren Reid argued.

Smith Woolf Anderson & Wilkinson, Idaho Falls, for respondent, Victoria Elizabeth Plasse. Dennis P. Wilkinson argued.

———————————

STEGNER, Justice.

Michael Loren Reid appeals from the magistrate court's decision modifying the custody and visitation schedule involving his minor child whose custody he shares with his ex-wife, Victoria Elizabeth Plasse. This permissive and expedited appeal of the magistrate court's decision was brought pursuant to Idaho Appellate Rules 12.1 and 12.2. Both parties filed motions seeking to modify the prior judgment, arguing that there had been a material, substantial, and permanent change in circumstances requiring a modification of the child custody and visitation schedule.

The magistrate court conducted a bench trial and determined that there had been material, substantial, and permanent changes in circumstances requiring modification of the custody and visitation schedule. The magistrate court analyzed each of the factors listed in Idaho Code section 32-717 to determine how the schedule should be altered. The magistrate court then determined that both parents would continue to share joint legal and physical custody of their minor child but amended the visitation schedule to minimize interactions between the parents, which had been a

source of contention between Reid and Plasse. Reid appealed the modified judgment. For the reasons discussed below, we affirm the decision of the magistrate court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Michael Loren Reid appeals from the magistrate court's decision modifying the custody and visitation schedule for him and Victoria Elizabeth Plasse. This case revolves around Reid's claimed frustrations and unsubstantiated allegations of bias against the magistrate judge who has presided over the couple's divorce since inception of this litigation. Though this appeal is limited to review of an amended judgment, a procedural history of the prior proceedings is included to provide context for the proceedings in general and Reid's arguments in particular.

Plasse filed for divorce from Reid in 2019. The couple shares one minor child who will be referred to by his initials, L.R. At the beginning of the proceedings, Reid requested the appointment of a parenting time evaluator to assess whether he should be entitled to primary legal and physical custody of L.R. After the parenting time evaluator submitted her findings to the magistrate court, Reid, who was apparently dissatisfied with the parenting time evaluation, filed several objections to it. Despite filing his objection, Reid failed to request that the magistrate court strike the evaluation.

The magistrate court then presided over a five-day bench trial regarding the divorce and custody proceedings, during which Reid stipulated to the admission of the parenting time evaluation. The magistrate court considered the parenting time evaluation in its decision, though it did not adopt the recommendations of the evaluator in their entirety. Two days after the magistrate court rendered its decision, Reid appealed the judgment to the district court, arguing that the magistrate court had improperly considered the parenting time evaluation.[1]

The district court determined that because Reid had not objected to the parenting time evaluation before the magistrate court, the issue had not been properly preserved for appeal. Reid appealed this decision, and the Idaho Court of Appeals affirmed the decision of the district court. *Plasse v. Reid*, No. 49472, 2022 WL 17334203, at *3 (Nov. 30, 2022). While Reid's appeal of the first judgment was pending, he filed several motions and petitions with the magistrate court, all attempting to modify the first judgment. Plasse filed her own motion to modify as well as a motion

---

[1] The magistrate court issued an amended judgment and decree one day after it issued its initial judgment and decree which implemented minor changes from the original judgment. For purposes of this opinion, this 2020 *amended* judgment and decree will be referred to as the first judgment and the 2022 amended judgment at issue in this appeal will be referred to as the amended judgment.

for contempt. *Id.* at *2. The magistrate court scheduled a trial to address the pending motions that are the subject of the present appeal. During the second trial, the parties resolved all issues except a determination of "whether there has been a material and substantial change in circumstances and whether a modification of the current custody and visitation schedule is in the best interests of the Minor Child."

In response to the allegations of both parties regarding a material, substantial, and permanent change in circumstances, the magistrate court "ordered a Brief Focused Assessment . . . to provide consultation regarding what are the wishes of the child regarding custody, including the context and basis for those wishes; whether or not the child is fearful of one of the parties . . .; and the identification of any resist-refuse dynamics that may appear within the parent-child relationship." Upon Reid's recommendation, the magistrate court appointed Robert DeWall, Licensed Clinical Professional Counselor, to complete the Brief Focused Assessment ("the BFA"). DeWall completed the BFA and submitted his report to the magistrate court for its consideration.

Over Reid's post-trial objections, the magistrate court found that it could properly consider the BFA because "[t]he parties did not object to the BFA before or during trial. However, Mr. Reid called and cross-examined Mr. DeWall at length during the trial." Reid argued for the first time in his closing argument that the magistrate court could not consider DeWall's conclusions in the BFA because his methods did not follow the Association of Family and Conciliation Courts Model Standards ("the AFCC Model Standards") for BFAs. The magistrate court denied Reid's post-trial objection to the BFA as untimely. Additionally, the magistrate court found that the Idaho Rules of Family Law Procedure governed the proceedings, and the Rules did not mandate use of the AFCC Model Standards in the preparation of the BFA.

The magistrate court next determined that there had been "a material, substantial[,] and permanent change in circumstances indicating to the court's satisfaction that modification [of the custody order] would be in the best interest of the Minor Child." The magistrate court determined that the relationship between Plasse and Reid had deteriorated throughout the litigation and was "likely to remain permanently strained to the detriment of the Minor Child." The magistrate court reviewed the modifications proposed by both parents and discussed the proposals and evidence presented at trial in the context of the factors listed in Idaho Code section 32-717.

The magistrate court spent a significant amount of time explaining "[t]he interaction and interrelationship of the Minor Child with his parents" factor set out in section 32-717(1)(c), as that

appeared to be the most contentious issue. In so doing, the magistrate court analyzed Exhibit 318, a video recorded by Reid during a custody exchange, and the BFA prepared by DeWall, which Reid also contests on appeal. Exhibit 318 shows Plasse getting in her car with L.R., the back door opening, L.R. getting out of the car, briefly running away, then coming back to the car with Plasse.

In its decision, the magistrate court did not find that L.R.'s behavior as shown in Exhibit 318 supported Reid's contention that the child was "afraid of his mother or that he would rather spend time with his father[.]" Instead, the magistrate court concluded that, in Exhibit 318, "the child is not upset or resistive, but actually seems at ease as if it were a game."

After reviewing the BFA, the magistrate court stated that it "ha[d] concerns that the Minor Child [was] influenced directly by Mr. Reid and that the Minor Child's verbatim statements [were] inconsistent with the level of comfort exhibited with both parents and observed by Mr. DeWall." As a result, the magistrate court explained that DeWall "found these statements [Reid's assertions regarding Plasse] unconvincing and inconsistent with his observations of the Minor Child with each parent." Commenting on Exhibit 318 and the BFA, the magistrate court stated that, given the high amount of conflict between the parents, it was in L.R.'s best interest for the court to modify the custody schedule to minimize interactions between Plasse and Reid.

The previous custody arrangement required Plasse and Reid to interact on various school nights. For example, L.R. would go home from school with one parent and spend the evening with him or her. At the end of the evening, that parent would meet the other in a parking lot to drop off L.R. so he could spend the night with the other parent. This schedule resulted in several contentious interactions between Plasse and Reid. The magistrate court considered these interactions when devising the modified custody arrangement. The magistrate court explained in its decision that the parents would no longer attempt to share custody of L.R. on weeknights. Instead, they would rely on the school schedule to swap custody of L.R., so they would not have to interact with one another more than was necessary. Now, on certain weekends for example, Reid has custody of L.R. "from the time school lets out on Thursday afternoon until school resumes on Friday morning[,]" which eliminates the contentious evening pickups. This change also resulted in Reid having more time with L.R. than he did prior to the entry of the amended judgment.

The magistrate court entered an amended judgment. Reid then filed a motion to reconsider. During the hearing for Reid's motion to reconsider, Reid argued that Exhibit 318 also now included security camera footage from a custody exchange occurring in a grocery store parking lot that

4

"describes all the behavior that the [c]ourt said it didn't see in the first video." The magistrate court declined to review this security footage because it had not been admitted in the trial as part of Exhibit 318. The magistrate court explained that it would not consider the security camera footage because "[t]he video of the [security camera] was not made a part of the record[,]" and Exhibit 318 had only included the video that Reid had recorded. We agree. In this opinion, "Exhibit 318" will refer only to the video personally recorded by Reid, since that was the only video admitted into evidence and considered by the magistrate court during the second trial.

The magistrate court denied Reid's motion to reconsider. In denying Reid's motion, the magistrate court took the time to explain its role to Reid as the finder of facts. Arguing the magistrate court was biased against him, Reid then filed a "Motion for New Trial/Disqualification," which the magistrate court also denied. After the magistrate court granted Reid's motion for permissive appeal, Reid filed his appeal with this Court.

## II. STANDARD OF REVIEW

Permissive appeals of custody issues before this Court are governed by Idaho Appellate Rule 12.1. Permissive appeals involving custody are expedited and do not involve intermediate appeals so as to serve the best interest of the child and minimize the number of appeals in an effort to decrease cost and time from the beginning of a child custody appeal to its completion. As a result, this Court directly reviews the decision of the magistrate court in permissive appeals. The magistrate court's decision will be upheld unless the magistrate court abused its discretion. *Weaver v. Weaver*, 170 Idaho 72, 74–75, 507 P.3d 1102, 1104–05 (2021).

> A trial court does not abuse its discretion as long as the court [1] recognizes the issue as one of discretion, [2] acts within the outer limits of its discretion . . . [3] [acts] consistently with the legal standards applicable to the available choices, and [4] reaches its decision through an exercise of reason. When the trial court's decisions affect children, the best interests of the child [are] the primary consideration. A magistrate court's decision will be affirmed if supported by substantial and competent evidence, even where conflicting evidence has been presented.

*Id.* (internal quotation marks and citations omitted) (alterations in original). Decisions to admit evidence are also reviewed for an abuse of discretion. *State v. Grist*, 147 Idaho 49, 51, 205 P.3d 1185, 1187 (2009). "When an appellate court reviews the magistrate judge's findings of fact, the appellate court 'will not set aside the findings on appeal unless they are clearly erroneous such that they are not based upon substantial and competent evidence.'" *Searle v. Searle*, 162 Idaho 839, 843, 405 P.3d 1180, 1184 (2017) (internal quotation marks and citation omitted).

III. Analysis

**A.** **Reid's briefing submitted to this Court is adequate (if only barely) to satisfy the minimum requirements of Idaho Appellate Rule 35, and, as a result, his appeal may proceed on its merits.**

Plasse initially argues that Reid's submissions to this Court do not comply with Idaho Appellate Rule 35(a)(6) which requires that issues must be "supported by cogent argument and authority[] in the opening brief." Specifically, Plasse notes that allegations of bias and error on the part of the magistrate court are unsupported by argument or authority. Plasse also contends Reid has not specifically argued that the magistrate court abused its discretion in rendering the decision it did. Plasse argues that Reid's entire appeal should be rejected solely on this basis. Reid does not provide any argument in response.

Idaho Appellate Rule 35 requires an appellant's brief to "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6).

Most of Reid's briefing expresses frustration regarding the magistrate court's consideration of certain evidence (and his arguments explaining how he thought the evidence should have been interpreted), rather than an assignment of specific legal error to the magistrate court's decision. However, he does note at least two specific errors made by the magistrate court in its decision and explains why he contends that the decision is clearly erroneous. He provides citations to the portions of the magistrate court's decision with which he disagrees and provides the same as it relates to the transcript. Additionally, Reid tries to argue the necessary standard of review and lists cases in his brief in an apparent attempt to support his position. As a result, we conclude Reid has minimally passed the threshold set by Idaho Appellate Rule 35 and so we will proceed with a discussion of the merits.

**B.** **Preservation Issues**

Reid makes several arguments in his briefing that are not properly before this Court. This Court's review is limited to questions that have been properly preserved for appeal. *See, e.g.*, *State v. Hoskins*, 165 Idaho 217, 222, 443 P.3d 231, 236 (2019). Reid's objections to the first trial and first judgment have previously been decided by the Idaho Court of Appeals. Because Reid did not file a petition for review, a remittitur has been issued and those arguments are no longer subject to

challenge and are not properly before this Court. We will not address any issues pertaining to the first trial.

Additionally, Reid has not properly preserved his right to appeal DeWall's purported failure to use the AFCC Model Standards in the BFA because he failed to present an objection at the trial before the magistrate court. Because that issue has not been preserved for appeal, we have no need to address it further.

### C.     Remaining Assertions of Error within the Magistrate Court's Decision

The remainder of Reid's appeal argues that the magistrate court abused its discretion and made findings that are not supported by substantial and competent evidence. Reid argues that the magistrate court abused its discretion in its review of Exhibit 318 during the trial, its refusal to consider security camera footage which Reid sought to add to Exhibit 318 after the trial, its reliance on Reid's representations to the magistrate court, and its failure to admit the full reports created by the Idaho Department of Health Welfare. In addition, Reid points to several of the magistrate court's findings that he believes to be clearly erroneous. Given the different standards of review, each argument is addressed in turn.

1.     The magistrate court did not abuse its discretion in modifying the custody and visitation schedule.

Reid argues that the magistrate court erred in four ways when it modified the custody and visitation schedule—(1) improperly considering Exhibit 318; (2) declining to expand the scope of Exhibit 318 to include security camera footage that was not admitted during the trial; (3) incorrectly assessing Reid's character in its consideration of the factors listed in Idaho Code section 32-717(1); and (4) inappropriately refusing to admit the entire reports generated by the Idaho Department of Health and Welfare related to the couple's contentious custody battle. Because these issues ultimately turn on their impact on the resulting modification of the custody and visitation schedule, we will review them under an abuse of discretion standard.

*a.   The magistrate court did not abuse its discretion in its consideration of the original Exhibit 318.*

In support of his motion for modification of the first judgment, Reid submitted Exhibit 318 as evidence that Plasse reacts emotionally at custody exchanges and that her "relationship with their son has deteriorated significantly since the entry of the decree." The magistrate court determined that custody exchanges between Plasse and Reid were areas of significant conflict and that those exchanges appear to be "where the majority of the Minor Child's behavioral outbursts

7

have occurred." The magistrate court found that, as seen in Exhibit 318, L.R. was "not upset or resistive, but actually seem[ed] to be at ease as if it were a game."

The magistrate court concluded that Exhibit 318 supported the allegation that Plasse was frustrated at the exchanges, but it did not support Reid's contention that the child was fearful of his mother or that Plasse's and L.R.'s relationship had deteriorated. The magistrate court further concluded that "the emotions displayed by the Minor Child and Mr. Reid are incongruent with the circumstances as framed by Mr. Reid's testimony." The magistrate court went on to state: "While the court has significant concerns that the incident was contrived or encouraged, there is no conclusive evidence on this issue. However, the court will cautiously consider the evidence for the purposes it clearly supports."

Reid argues on appeal that the magistrate court's evaluation of Exhibit 318 amounts to improper "expert testimony." Reid contends that the magistrate court found facts that were not included in the video and ignored Reid's testimony concerning his interpretation of the exchange. Because he was the only witness who testified about Exhibit 318, Reid contends that the magistrate court must "consider the video only upon the basis of what was testified to by Mr. Reid[.]"

Plasse argues that the magistrate court correctly reviewed Exhibit 318 and drew reasonable conclusions from it. Plasse also contends that Reid's argument regarding the exhibit should be rejected because he "provides no citation to law or reference to any specific factual error committed by the Magistrate[.]" Instead, Plasse maintains that the magistrate court properly understood its role as the fact finder and correctly applied the rules and law governing its review. Ultimately, Plasse characterizes the magistrate's findings of fact and conclusions of law regarding Exhibit 318 as well within his "sound discretion[.]"

We hold that the magistrate court did not abuse its discretion in the way it analyzed Exhibit 318. Its findings of fact regarding the video are supported by substantial and competent evidence. As an initial observation, Reid appears to misunderstand the role of the magistrate court as the trier of fact. A judge in analyzing and characterizing evidence is not an "expert witness"; rather, he is a neutral and detached magistrate interpreting and explaining what transpired. At oral argument, Reid continued to argue that the magistrate court's findings of fact regarding Exhibit 318 were testimonial in nature, rather than a description of what the magistrate court concluded after reviewing the evidence.

8

"At the trial court level[,] the trier of fact . . . is the arbiter of conflicting evidence. It is the province of . . . the trier of fact to weigh the conflicting evidence and testimony[.]" *Abbott v. Nampa Sch. Dist. No. 131*, 119 Idaho 544, 547, 808 P.2d 1289, 1292 (1991). The role of the magistrate court as the trier of fact is to review the evidence before it and determine the appropriate "credibility and weight" to give it. *Sun Valley Shamrock Res., Inc. v. Travelers Leasing Corp.*, 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990). In contrast, the role of the appellate court is limited to a determination of "whether there is evidence in the record that a reasonable trier of fact could accept and rely upon in making the factual finding that is challenged on appeal." *Reed v. Reed*, 157 Idaho 705, 710, 339 P.3d 1109, 1114 (2014) (internal citation omitted).

Here, we cannot conclude that the magistrate court erred in its review of Exhibit 318. Contrary to Reid's assertion, the magistrate court is not required to blindly adopt Reid's self-serving testimony regarding the video. Instead, the magistrate court is empowered to draw its own conclusions regarding the evidence, so long as those conclusions are supported by substantial and competent evidence. We are persuaded the magistrate court did so when it reviewed the video for itself. The magistrate court painstakingly analyzed Exhibit 318 nearly frame by frame to describe the behaviors of the parties and explain the reasons underlying that behavior. *See, e.g.*, I.R.C.P. 52(a); *Searle*, 162 Idaho at 844–45, 405 P.3d at 1185–86 (reversing the decision of the magistrate court where it failed to "thoroughly analyze or apply the facts of this case to any statutory factor[]"). Additionally, the magistrate court did not ignore Reid's testimony, as argued by Reid on appeal, because it considered its own interpretation of the video vis-à-vis Reid's testimony on the matter. ("The problem is that the emotions displayed by the Minor Child and Mr. Reid are incongruent with the circumstances as framed by Mr. Reid's testimony."). As explained above, it is the province of the trial court to consider and weigh the evidence before it. The magistrate court properly determined the appropriate weight to be given to Reid's testimony and Exhibit 318 before issuing its findings of fact and conclusions of law.

When child custody is the issue, the best interest of the child is the primary consideration. *Searle*, 162 Idaho at 843, 405 P.3d at 1184. Idaho Code section 32-717 lists multiple factors for a court to consider in determining the best interest of the child for purposes of awarding child custody. The magistrate court drew its conclusions regarding Exhibit 318 under the factor "interaction and interrelationship of the child with his or her parent or parents," as stated in Idaho Code section 32-717.

The magistrate court did not err in determining that it was in the best interest of L.R. to modify the custody schedule. The magistrate court explained in its decision that it had reviewed Exhibit 318 extensively and found that the type of parental behaviors exhibited in it were "likely to reduce the child's sense of security and even cause emotional distance between parent and child." The magistrate court also determined that Exhibit 318 did not support Reid's assertion that the child was fearful of his mother. Reid has failed to point this Court to any evidence in the record that contradicts the magistrate court's findings or suggests that its interpretation of Exhibit 318 was anything other than reasonable. As a result, we hold that the magistrate court did not abuse its discretion in analyzing and interpreting Exhibit 318 extensively under the framework of Idaho Code section 32-717.

b. *The magistrate court did not abuse its discretion in refusing to consider the security camera footage.*

Exhibit 318 came up again at the hearing regarding Reid's motion to reconsider. Reid sought to augment Exhibit 318 with additional video between the time it had been admitted at trial and at the motion to reconsider. At the later proceeding, Reid attempted to offer footage from a grocery store security camera that purportedly refuted the magistrate court's earlier findings regarding the original Exhibit 318. The magistrate court refused to consider this footage because it had not been admitted at the modification trial, and it was not "newly discovered evidence[,]" as is necessary to be admitted at a reconsideration hearing.

Reid argues that the security camera footage offers further support for his arguments of how the magistrate court should have interpreted Exhibit 318. This Court has previously articulated that "when considering a motion for reconsideration 'the trial court should take into account any new facts presented by the moving party that bear on the correctness of the order[.]'" *Ciccarello v. Davies*, 166 Idaho 153, 162, 456 P.3d 519, 528 (2019) (internal quotation marks and citation omitted). Under Reid's interpretation, the security camera footage "bear[s] on the correctness of the order" because it would aid the magistrate court in its review of Exhibit 318. *Id.* Accordingly, under the *Ciccarello* standard, the magistrate court should have reviewed the security camera footage.

However, Reid's argument fails to account for the other consideration—that the facts must be "new[.]" *Id.* The magistrate court found that the security camera footage "was available at the time of trial," so it correctly excluded the footage from consideration. Reid fails to challenge this finding on appeal. The magistrate court explained in detail that its role was limited to evaluating

10

the evidence admitted at trial and it cannot consider additional evidence during a hearing on a motion to reconsider when it "was [] available at the time of trial or would [] have been available at the time of trial, given reasonable efforts of the parties." We cannot find that the magistrate court abused its discretion when it refused to consider evidence that could have been made available for trial. (We also do not endorse Reid's modifying an exhibit that was admitted at trial and adding substantive video to an already admitted exhibit.)

> ### c. The magistrate court did not abuse its discretion in relying upon Reid's representations to the court when he was representing himself.

Next, Reid argues that, because he was representing himself *pro se*, the magistrate court was only allowed to consider his under oath testimony, as opposed to his representations and demeanor when representing himself. In essence, Reid asks this Court to reverse the magistrate court because it did not draw a distinction between Reid the party and Reid the party's representative.

It is unclear from Reid's briefing where in the record the magistrate court purportedly erred in relying on Reid's comments as the representative of himself. This Court will not scour the record for error, so we need not address this argument further. I.A.R. 35(a)(6); *Michalk v. Michalk*, 148 Idaho 224, 230, 220 P.3d 580, 586 (2009) (declining to review arguments made without citations to the record). At the same time, Reid has provided no authority for the proposition that there are distinctions that must be drawn between him as the witness and him as the advocate. We are also unaware of some impunity or latitude that would be afforded to a self-represented litigant which would allow him to engage in inappropriate behavior when acting as his own counsel. Instead, licensed attorneys, *pro se* advocates, and parties are all responsible for their actions in court. *See, e.g.*, *Hall v. State*, 151 Idaho 42, 47, 253 P.3d 716, 721 (2011) (quoting *Haeberle v. Tex. Int'l Airlines*, 739 F.2d 1019, 1022 (5th Cir. 1984)) ("By voluntarily assuming the special status of trial participants and officers of the court, parties and their attorneys subject themselves to greater restraints on their communications than might constitutionally be applied to the general public."). The very premise of Reid's argument is flawed. We are unaware of any dispensation afforded to lawyers that they may act intemperately or aggressively in the practice of law. Attorneys are officers of the court and must maintain that demeanor throughout a court proceeding. Indeed, this heightened obligation requires candor to the court, a requirement that is over and above that owed by a litigant. I.R.P.C. 3.3.

> *d.* *The magistrate court did not abuse its discretion in refusing to admit the full reports created by the Idaho Department of Health and Welfare.*

Next, Reid argues that the magistrate court erred when it refused to admit all the reports prepared by the Children and Family Services division of the Idaho Department of Health and Welfare ("CFS"). It appears from the record that Reid had "apparently reported [Plasse] to [CFS], claiming [she] was abusive to [their] son." The magistrate court admitted only the portions of the reports that contained the findings and conclusions of CFS, rather than the full reports which included the allegations of the reporting parties. The magistrate court reasoned that the redactions throughout the entirety of the reports made it too difficult to understand what was being reported. Reid argues that the Rules of Family Law Procedure render the admission of the entire CFS reports mandatory.

Despite these arguments, Reid failed to identify which CFS reports he contends the magistrate court erred in failing to admit and how the redacted reports would have added to the resolution of this dispute. This Court does not presume error on appeal; "the burden of showing it is on the party alleging it." *S Bar Ranch v. Elmore County*, 170 Idaho 282, 309, 510 P.3d 635, 662 (2022) (internal quotation marks and citation omitted). As we have repeatedly held, this Court is not obliged to "scour the record for error" and we will not do so here. *Id.*

The Idaho Rules of Family Law Procedure permit proceedings that do not strictly comply with the Idaho Rules of Evidence and provide that

> all relevant evidence is admissible, provided, however, that the court must exclude evidence if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or by considerations of undue delay, waste of time, needless presentation of cumulative evidence, lack of reliability, or failure to adequately and timely disclose evidence.

I.R.F.L.P. 102(b)(2).

The magistrate court did not abuse its discretion in refusing to admit the CFS reports in their entirety. All throughout the trials between these parties, the magistrate court was diligent in explaining the procedural rules to Reid, who struggled to understand the intricacies of the Idaho Rules of Family Law Procedure. For example, Reid attempted to submit evidence at various stages of trial in contravention of the rules, including in some cases irrelevant evidence. The magistrate court dedicated a significant amount of time explaining to Reid its role as the trier of fact. The magistrate court also attempted to maintain the focus throughout the trials by ensuring that all proffered evidence was relevant and helpful to the resolution of the dispute. However, Reid appears

to have misunderstood the role of the magistrate court because he does not explain why the redacted CFS reports were necessary for the magistrate court to consider. Here, the Idaho Department of Health and Welfare closed the cases after conducting safety assessments with Plasse and attempting to conduct an assessment with Reid. After investigating the claims, the Department concluded that the claims of abuse were "unsubstantiated." As a result, the magistrate court did not abuse its discretion in determining that portions of these reports were irrelevant.

2.    With few exceptions, the magistrate court's factual findings are supported by substantial and competent evidence.

Reid alleges that there are two factual findings made by the magistrate court that are not supported by substantial and competent evidence which should result in the magistrate's decision being overturned on appeal. Reid also argues that the magistrate court was biased because it purportedly considered evidence differently when offered by Plasse than when offered by Reid. Reid's arguments refer to magistrate court's factual determinations. As a result, we review them under the clearly erroneous standard. *Searle*, 162 Idaho at 843, 405 P.3d at 1184.

Plasse concedes that there are two factual findings made by the magistrate court that are unsupported by the record. First, there is no support in the record for the magistrate court's conclusion that Reid is not close with his parents. Second, there is no support in the record for the magistrate court's finding that "[Reid] often refers to [L.R.] as his legacy." Because Plasse acknowledges the magistrate court's findings are not supported by the record, we conclude that these two points are clearly erroneous.

Nevertheless, this Court has previously held that where a party "has failed to show that his substantial rights were affected[,]" then the error will be deemed harmless. *Reed v. Reed*, 160 Idaho 772, 775–76, 379 P.3d 1042, 1045–46 (2016); *see also* I.R.F.L.P. 806. Here, though Reid has correctly pointed out that the magistrate court's findings on these points are clearly erroneous, he has failed to demonstrate how his substantial rights have been affected by these erroneous findings. Without any indication of how Reid's substantial rights have been affected by the magistrate court's unsupported findings, we hold that they amount only to harmless error.

Reid makes several additional arguments that boil down to assertions of bias challenging the magistrate court's interpretation of the evidence presented to it. Many of these arguments appear to be *ad homonym* attacks against the magistrate court, which need not be considered by this Court. *See Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) ("Where an appellant fails to assert his assignments of error with particularity and to support his position with

13

sufficient authority, those assignments of error are too indefinite to be heard by the Court.") (internal citation omitted). Additionally, as described above, Reid's assignments of error appear to be his misunderstanding regarding the role of the magistrate court as the trier of fact, rather than evidence of bias. Further, Reid fails to demonstrate how these purported errors affect his substantial rights as required by *Reed*. *See* 160 Idaho at 775–76, 379 P.3d at 1045–46.

Apart from the two erroneous findings noted above, the magistrate court's findings of fact and conclusions of law are supported by substantial and competent evidence and, therefore, are not clearly erroneous.

**D.     Plasse is entitled to attorney fees and costs on appeal.**

Plasse argues that she is entitled to attorney fees and costs on appeal pursuant to Idaho Code section 12-121 and Idaho Appellate Rules 40 and 41. Plasse argues that Reid's arguments are unsupported by both legal authority and factual support, and he failed to identify any substantive way in which the magistrate court had erred. Plasse contends that Reid has not presented a single triable issue, rendering his conduct frivolous and entitling her to attorney fees on appeal.

We agree that Plasse is entitled to attorney fees and costs on appeal. First, Plasse is the prevailing party on every issue because Reid's arguments were unsuccessful for the reasons explained above. Next, it is clear from the record that Reid appealed the magistrate court's amended judgment and decree "frivolously[.]" I.C. § 12-121. This Court has previously held that where the nonprevailing party "continued to rely on the same arguments used in front of the [] court, without providing any additional persuasive law or bringing into doubt the existing law on which the [] court based its decision[,]" an award of attorney fees under section 12-121 is warranted. *Thornton v. Pandrea*, 161 Idaho 301, 320, 385 P.3d 856, 876 (internal quotation marks and citation omitted).

A constant theme in this divorce, dating back to its origin in 2019, is the idea that Reid is abusing Idaho's judicial system by using it as an arena to host his disputes with Plasse. It was suggested before the magistrate court that Reid had taken "Plasse to court for sport[.]" Such a statement represents a trivialization of our role as neutral arbiters. Courts exist as forums for parties to use to resolve legitimate disputes; they do not exist as boxing rings in which individuals may spar over their personal vendettas. Proceedings before a tribunal are not a game. They are not sport.

14

The matters before magistrate courts and this Court alike have serious repercussions for the parties involved, and proceedings before them should be treated with the solemnity to which they are due.

We heard and understood Reid's frustrations with the outcome of these proceedings before the magistrate court, and, certainly, a fundamental tenet of our judicial system is the right to appeal adverse rulings. However, we rejected his arguments because they were unsubstantiated or if substantiated, immaterial in the scheme of things. The lack of support for Reid's arguments appears to be rooted in his misunderstanding of the legal process. Throughout this litigation, Reid has attempted to have different courts reconsider evidence until they side with him. However, the appeals process exists to correct errors made below, not to give parties a second attempt to have their arguments considered by an additional trier of fact. We are an error correcting court, not a finder of facts.

Reid argues that the magistrate court's rejection of evidence amounts to bias against him, but this is a misunderstanding of the responsibility of the magistrate court. As we explained in our analysis of Exhibit 318, a trier of fact is not bound to interpret evidence in the same way as its proponent would like. The role of the magistrate court as the trier of fact is to consider the evidence before it and make a determination of its credibility. An adverse ruling, on its own, is insufficient evidence of bias. Instead, the magistrate court's findings (with two noted minor exceptions) appear to be supported by the record. Reid is clearly frustrated with the magistrate court's decision and it appears that this appeal is another attempt to relitigate certain issues determined by the magistrate court, rather than correct any substantive legal or factual errors. As a result of this frivolous appeal, we award Plasse attorney fees pursuant to Idaho Code section 12-121.

## IV. CONCLUSION

Given our procedural rules and case law requiring arguments to be made with specificity, we are unable to review several of Reid's arguments, including purported error by the Idaho Court of Appeals and issues that have not been preserved. However, of the arguments that we may review, we affirm the magistrate court's decisions. First, we affirm the modification of the custody and visitation schedule because we cannot conclude that the magistrate court abused its discretion in its decision to modify the original schedule. Next, we affirm the magistrate court's rejection of Reid's argument regarding the BFA, which was not properly preserved for appeal. We further affirm most of the magistrate court's findings of fact, which are supported by substantial and competent evidence, except for the two noted. However, we affirm the ultimate decision because

15

the error was harmless. The vast majority of findings of fact are supported by substantial and competent evidence. Finally, we conclude that Plasse is entitled to an award of attorney fees and costs because Reid's appeal to this Court was frivolous.

Chief Justice BEVAN, Justices BRODY, MOELLER, and ZAHN CONCUR.