**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52590**

| | | |
|---|---|---|
| JAY P. CLARK, | ) | |
| | ) | Filed: October 24, 2025 |
| Plaintiff-Appellant, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| JEFF CONGER, and all occupants, | ) | OPINION AND SHALL NOT |
| tenants or subtenants of the property | ) | BE CITED AS AUTHORITY |
| commonly known as 1795 N. 4TH E., | ) | |
| MOUNTAIN HOME, IDAHO 83647, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Gerald F. Schroeder, Senior District Judge. Hon. Brent A. Ferguson, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming the dismissal of unlawful detainer claim with prejudice and awarding attorney fees, <u>affirmed</u>.

Jay P. Clark, Middleton, pro se appellant.

Ratliff Law Offices, Chtd; Matthew T. Ryan, Mountain Home, for respondent.

_____

GRATTON, Chief Judge

Jay P. Clark appeals from the district court's decision, on intermediate appeal from the magistrate court, affirming the dismissal of his unlawful detainer claim and awarding attorney fees. Clark contends that the magistrate court erred in awarding attorney fees. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2016, Clark, as landlord, entered into a lease agreement with Jeff Conger as a tenant. Included in the agreement to lease Clark's residence was an option for Conger to purchase the home from Clark, so long as Conger did not breach the terms of the lease agreement. Clark filed a claim for unlawful detainer on October 10, 2022, seeking to evict Conger because Clark claimed

Conger failed on several occasions to make timely payments for rent and that Conger wrongfully claimed Clark's mortgage tax deductions. Clark also alleged that he served a thirty-day notice on Conger to vacate the property and terminate the tenancy, yet Conger remained in possession. Conger filed an answer and later filed a motion to amend to include a counterclaim and for removal to the district court. Clark's attorney filed a motion for leave to withdraw as counsel of record.

At a hearing on both motions, the magistrate court provided both parties additional time to research and argue "whether or not a counterclaim can be properly asserted in the unlawful detainer action." In addition, the magistrate court granted Clark's attorney's motion to withdraw. Instead of filing additional authorities in support of the motion to assert a counterclaim, Conger filed a claim in the district court asserting that he had not breached the lease and was entitled to exercise the option to purchase. In regard to the order allowing withdrawal of Clark's counsel, on August 15, 2023, the magistrate court stayed the proceedings for twenty-one days and ordered that Clark file an appearance of counsel or provide a written notice to the magistrate court stating he would represent himself in compliance with Idaho Rule of Civil Procedure 11.3(c)(3). The magistrate court emphasized in its order:

> [I]f Mr. Jay P. Clark fails to file and serve an additional written appearance in this action in person or through a newly appointed attorney within such twenty-one (21) day period, such failure shall be sufficient grounds for entry of default and default judgment against said party, and for dismissal of any claims brought by said party, with prejudice, and without further notice.

Clark failed to timely file and serve a notice of appearance of counsel or a notice that he would represent himself. Conger then brought a motion to dismiss Clark's claim for unlawful detainer based on Clark's failure to follow the order of the magistrate court. The magistrate court issued an order dismissing Clark's complaint with prejudice. Subsequently, Conger filed a motion requesting attorney fees and costs. In response, Clark filed a motion to reconsider the magistrate court's dismissal and objection to the motion for attorney fees and costs. Clark asserted that Conger's filing in the district court was concealed and misleading. Conger sought to have the magistrate court reconsider dismissal and, instead, transfer jurisdiction of his unlawful detainer claim to the district court without prejudice. The magistrate court denied Clark's motion to reconsider and granted attorney fees and costs to Conger pursuant to Idaho Code § 6-324.

Clark appealed the magistrate court's decision to the district court. The district court affirmed the magistrate court's judgment dismissing Clark's complaint and awarding attorney fees and costs, as well as the denial of Clark's motion to reconsider. Clark appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

A trial court's "determination of who is a prevailing party will not be disturbed absent an abuse of discretion." *Shore v. Peterson*, 146 Idaho 903, 915, 204 P.3d 1114, 1126 (2009). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

On appeal, Clark claims that the district court erred by affirming the magistrate court's judgment dismissing Clark's claim for unlawful detainer and awarding attorney fees and costs to Conger. Clark argues that the magistrate court erred in finding that Conger was the prevailing party. Clark argues that he prevailed on the only substantive claim addressed in the magistrate court, the right to file a counterclaim. Clark also argues that the magistrate court should have considered the fact that Conger filed his claim in the district court and that dismissal in this case benefitted both parties as both were proceeding in the district court. Clark also argues that the magistrate court erred in dismissing the case with prejudice. Conger argues the magistrate court acted within its discretion in finding Conger was the prevailing party. In addition, Conger contends that Clark's argument on appeal that the magistrate court erred in dismissing the case with prejudice is not properly raised. Conger also requests an award of attorney fees and costs on appeal pursuant to I.C. § 12-121 and Idaho Appellate Rule 41.

Clark claims the magistrate court abused its discretion in finding that Conger was the prevailing party. To determine which party is the prevailing party and entitled to costs, "[a] trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties." I.R.C.P. 54(d)(B). This Court has rarely reversed a trial court's determination of which party is found to be the prevailing party. *Shore*, 146 Idaho at 914, 204 P.3d at 1125.

Clark argues that the magistrate court erred in finding Conger to be the prevailing party because Conger "lost" on his counterclaim and the issues were then litigated in the district court. On appeal, Clark asserts:

> Here, we can only assume that the magistrate court found that [Conger] was the prevailing party in spite of the fact that [Conger] lost on really the only issue adjudicated in the entire case--whether [Conger] could add his counterclaims in this case. [Conger's] loss here resulted in him commencing a parallel case against [Clark] *while this case was still pending.* [Clark] was then forced to litigate the same issue presented here, whether [Conger] breached the lease in question in district court. In other words, it is entirely immaterial here that [Clark] did not appear in this case within 21 days after his attorney was allowed to withdraw since [Conger] had already lost his bid to pursue his counterclaims in this case and [Clark] had already appeared in the new case filed by [Conger] in district court where all the remaining issues between the parties eventually were litigated.

Clark misconstrues the magistrate court's decision on Conger's motion to amend to add a counterclaim. The issue of whether Conger was able to assert his counterclaim regarding the lease agreement with Clark was never adjudicated or decided by the magistrate court. Instead, the magistrate court expressed some concern that a counterclaim asserting a right to purchase might not be appropriate in an unlawful detainer action and ordered additional briefing. The magistrate court stated: "The Court is going to table that motion so as to allow counsel to conduct additional research and determine how they would like to proceed." Clark did not win on the counterclaim issue because it was never decided.

The magistrate court found that Conger was the prevailing party due to Clark's failure to comply with the requirements of I.R.C.P. 11.3(c)(3). At both the hearing regarding Clark's motion for leave to withdraw as counsel of record and in the magistrate court's order granting leave to withdraw as counsel, Clark received notice to comply with I.R.C.P. 11.3(c)(3). To comply, Clark needed to simply notify the magistrate court of his choice--whether he was going to hire another attorney to appear for him or appear pro se. Clark elected to provide no notice to the magistrate

4

court. Clark's failure to follow the magistrate court's order is the basis of dismissal, irrespective of Conger's motion to add a counterclaim which had not been decided.

Clark further argues that his unlawful detainer claim and Conger's contract claim are the same issue, but that is factually and legally incorrect. One is an eviction suit and the other is a contract dispute. Clark's failure to act pursuant to the magistrate court's order was wholly independent and separate from Conger's claim that Clark breached the lease agreement. The district court found that the record supports the magistrate court's dismissal with prejudice due to Clark's failure to comply with the magistrate court's order under I.R.C.P. 11(c)(3).[1] The district court reasoned that "the fact a case was filed in district court pertaining to the lease is immaterial to the reason for dismissal of the eviction case." Therefore, Conger was appropriately found to be the prevailing party in this suit.

In response to the dismissal, Clark submitted a motion to reconsider. Clark argued that if Conger had notified the magistrate court of Conger's claim in the district court, the magistrate court would not have dismissed Conger's claim with prejudice because Conger was intentionally misleading the court. The magistrate court held a hearing regarding Conger's motion to reconsider. The magistrate court reviewed the entirety of the case before the hearing and emphasized, "[it] doesn't see any fraud or mistake or any type of excusable neglect that would constitute a basis upon which the Court could set aside a default judgment." While Clark also asserts that Conger's filing of his case with the district court was misleading and untrue, the magistrate court found no correlation between that allegation and Clark's failure to comply with I.R.C.P. 11.3(c)(3).

Clark also argues that the magistrate court erred by dismissing the case with prejudice. Conger asserts this Court should not consider the argument because Clark failed to include it in the statement of issues in his opening brief and failed to provide argument or authority in support of the argument. The failure of an appellant to include an issue in the statement of issues required

---

[1] In the district court's opinion on appeal, the district court emphasized:

The magistrate dismissed the case with prejudice based on [Clark's] failure to comply with the Order Granting Leave to Withdraw as Counsel. The record indicates [Clark] did not appoint new counsel or file a notice that he would be representing himself within 21 days of the order. [Clark] had substantially more than 21 days to comply with the order.

5

by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991). Moreover, a party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Pro se litigants are not entitled to special consideration because they represent themselves and are held to the standards and rules as litigants represented by attorneys. *Owen v. Smith*, 168 Idaho 633, 641, 485 P.3d 129, 137 (2021). Clark failed to include the argument as an issue in his brief and thereby waives the issue. Even so, Clark failed to cite to authority to support his claim of error.[2] Nonetheless, I.R.C.P. 11.3(c)(3) expressly provides for dismissal with prejudice.

Conger has failed to demonstrate error by the magistrate court in dismissing the case with prejudice and finding Conger to be the prevailing party. The magistrate court acted within its discretion to find that Conger was the prevailing party and award attorney fees and costs accordingly. While Clark complains that the magistrate court did not articulate its reasoning in finding Conger to be the prevailing party, the magistrate court considered and rejected Clark's contrary arguments, including on reconsideration. The magistrate court exercised reason in finding Conger to be the prevailing party and awarding attorney fees and the district court correctly affirmed the magistrate court's dismissal with prejudice and award of attorney fees and costs, and the denial of Clark's motion to reconsider.

In his statement of issues, Clark contends that the district court erred in affirming the magistrate court's award of attorney fees and costs "when the record is devoid of any analysis, argument or discussion of any kind that would give support to the magistrate's decision here

---

[2]    Clark raised this issue with the district court on appeal. The district court held that the magistrate court did not err under Idaho Rule of Civil Procedure 11.3(c)(3). The rule provides:

> If a notice of appearance of a new attorney or a notice of self-representation is not filed within 21 days after service of the order allowing withdrawal, the court, either sua sponte or upon application by the opposing, may dismiss with prejudice any claims of the party or may enter a default against the party.

Clark did not follow the requirements outlined in I.R.C.P. 11.3(c)(3), despite the magistrate court giving written notice to Clark to do so as well as providing verbal instructions at the hearing when granting Clark's motion for leave to withdraw as counsel of record. Conger filed a motion to dismiss Clark's claim with prejudice thirty-eight days after the magistrate court ordered Clark to follow I.R.C.P. 11.3(c)(3). The district court appropriately affirmed the magistrate court in granting Conger's motion and ordering Clark's claim for unlawful detainer be dismissed with prejudice.

including any legal or factual support for an award of attorney fees and costs." However, Clark fails to provide any argument or authority as to how the magistrate court abused its discretion when awarding attorney fees under I.C. § 6-324. As noted, a party waives an issue on appeal if either argument or authority is lacking. *Powell*, 130 Idaho at 128, 937 P.2d at 440. Idaho Code § 6-324 requires "[i]n any action brought under the provisions of this chapter . . . the prevailing party shall be entitled to an award of attorney fees." The magistrate court recognized that attorney fees are mandatory under the statute. As Conger is the prevailing party, he is entitled to attorney fees under I.C. § 6-324.

Conger requests an award of attorney fees and costs on appeal pursuant to I.C. § 12-121. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. Where a non-prevailing party continues to rely on the same arguments addressed in the lower courts, without providing additional persuasive law or bringing into doubt the existing law on which the court based its decision, an award of attorney fees under I.C. § 12-121 may be appropriate. *Plasse v. Reid*, 172 Idaho 53, 65, 529 P.3d 718, 730 (2023). This standard has been satisfied in this case. Accordingly, attorney fees and costs are awarded to Conger.

## IV.

## CONCLUSION

The district court's decision, on intermediate appeal, affirming the magistrate court's judgment dismissing the case with prejudice and awarding attorney fees and costs, as well as denying Clark's motion for reconsideration is affirmed. Costs and attorney fees on appeal are awarded to Conger.

Judge HUSKEY and Judge TRIBE **CONCUR**.